JIMÉNEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 2.

No. 106.—Decided November 29, 1911.

SALE BY AUCTION OF PROPERTY BELONGING TO MINORS—DEED OF SALE EXECUTED BY MARSHAL.—In cases of sale by public auction of the property of minors by virtue of the judicial authorization for its alienation provided for in Act No. 33 of March 9, 1911, this act contains no provision as to who should execute the deed of sale of the property sold, therefore the act of

March 9, 1905, is applicable; and in accordance with section 5 of said latter act it is the duty of the marshal to execute the deed of sale in due form to the purchaser at the public auction.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In compliance with an order issued on June 6 of the present year by the District Court of San Juan, Section 1, to the marshal of said court directing him to sell at public auction to the highest and best bidder for not less than $400 a house belonging to the minor, José Pablo Santiago, the tutor of said minor having asked for and secured the necessary judicial order to effect said sale, the marshal sold the house at public auction to Domingo Jiménez, in whose favor he executed a proper deed of sale for the same before Notary José Martínez Dávila on July 24 following.

The aforesaid deed was presented to the Registrar of Property of San Juan, Section 2, for admission to record, and its registry was denied by a decision which, copied literally, reads as follows:

"The admission of the foregoing document to record is denied because of the defect that it was executed by the marshal of the district court for this district and not by the tutor of the minor, José Pablo Santiago, said tutor being the representative of said minor under the laws now in force; and in lieu thereof a cautionary notice for the ordinary legal period has been entered on page 177, over, of volume 20, of Bayamón, property number 767, duplicate, entry letter A. San Juan, P. R., November 1, 1911. Raul Benedicto, Acting Registrar."

The above ruling has been appealed from by the purchaser, Domingo Jiménez, and in our opinion it should be reversed. Section 82 of the Act of March 9, 1905, relative to Special Legal Proceedings, as amended by section 2 of Act No. 33, approved March 9, 1911, to amend sections 229, 282 and 284

of the Civil Code, and sections 80, 81 and 82 of the said act of August 9, 1905, provides that the sale by auction of property belonging to a minor or incapacitated person shall be held in the presence of the marshal of the district and makes no provision whatever in regard to the execution of the deed of sale of the property sold; therefore the law applicable to the case is the act approved March 9, 1905, to modify sections 94, 152, 234, 295 and 302 of the Code of Civil Procedure, and to repeal sections 259, 266 and all other sections of said code relating to the redemption of property, and for other purposes.

Section 5 of the act which we have just quoted says:

"When immovable property is sold by the marshal, or other duly authorized officer, at public sale, under an execution or order of sale, issued by a court, it shall be the duty of such marshal or other officer to execute to the purchaser at such sale a good and sufficient deed for such property, and the costs of making such deed shall be paid by such purchaser."

We see no special reason why the sale of property belonging to minors should be excluded from the legal provisions quoted which were enacted for the execution of judgments in civil actions, for although in pursuance of section 277 of the Civil Code the tutor represents the minor or incapacitated person in all civil acts, except those which by express provision of law said minors or incapacitated persons may execute for themselves, this is no reason why the marshal of the corresponding district court who under the express provision of the law has conducted the auction and made the sale should not execute the transfer of title to the property sold instead of the minor's tutor, the same as in cases where property belonging to persons of full age are sold at public auctions and under judicial authority for the execution of judgments in spite of the fact that those persons of age represent their own title and interest. The tutelar action of the public authority through the marshal of its court under the

responsibilities placed upon him should protect the interests of minors rather than prejudice them.

For the reasons stated the decision appealed from is reversed and it is ordered that the record denied be entered in the registry.

*Reversed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.